## JONES v. ELLIS et al., School Board.
### No. 1323–KA.

First Division, Juneau.
Nov. 9, 1929.

W. L. Paul, of Juneau, for plaintiff.
A. H. Ziegler, of Ketchikan, for defendants.

HARDING, District Judge.

This case came on for hearing upon the answer of defendant to the alternative writ of mandamus issued in this cause and plaintiff's reply to said answer, and upon the issues evidence was introduced.

█ Under the stipulation in this case, it appears that Irene Jones, who appeared through her guardian, ad litem, Paul Jones, is a child of mixed blood who leads a civilized life.

The power of the Legislature of Alaska to provide for schools in the territory is derived from section 170, title 48 U.S.C.A., which provides that: "The Legislature of Alaska is empowered to establish and maintain schools for white and colored children and children of mixed blood who lead a civilized life in said Territory and to make appropriations of Territorial funds for that purpose."

It is under this section that the schools of Ketchikan came into being. The legislative power of the territory of Alaska with regard to schools derived from this section makes no provision as to the segregation of races, nor does it refer to the race or color of the children to be provided for in the municipal schools, and such act must necessarily be construed in the light of the section quoted limiting the authority of the Legislature to provide schools for white and colored children and children of mixed blood. Therefore the child, Irene Jones, had a legal right to attend the territorial schools in Ketchikan.

The general right of children of mixed blood to attend the city schools has been virtually conceded in the argument in this case, and that such is the general practise is shown by the pleadings. The contention has been advanced, however, that, due to the overcrowded condition of the sixth grade in Ketchikan, it was necessary to exclude Irene Jones, and that, being a child of mixed blood, she could attend the school for Indian children operated at Ketchikan under the control and direction of the Secretary of the Interior, and that, in view of the overcrowded condition, it was the reasonable thing to exclude her because she could attend this other school.

Conceding the right of Irene Jones to attend the territorial schools, however, it cannot be contended that she should be deprived of this right by reason of the fact that she had a right also to attend the Indian school. As to

overcrowding, the evidence before the court does not show that the Ketchikan schools were overcrowded to such an extent as to warrant the exclusion of any child in the sixth grade from attendance, nor does it show that other school room was not available or that funds were not available for the hire of additional teachers to take charge of any overcrowded condition in the Ketchikan schools.

Furthermore, it is stipulated by counsel that there were four children living outside of the corporate limits who were in attendance in the sixth grade at the time of the exclusion of Irene Jones. It was argued that it was obligatory upon the school board to accept these children by reason of article 12, §§ 71–75, chapter 97, of the Session Laws of 1929, but the court cannot so interpret this article. The only other legislative provision pertinent to this matter is found in chapter 95 of the Session Laws of 1929, wherein it is said that: "In addition to the refund above provided for every such city and school district whose public schools provide for the education of children residing outside the corporate limits of such city or school district and not provided with adequate school facilities at the place of their residence, a tuition fee of $3.50 per school month or major fraction thereof and not to exceed thirty dollars annually for each such pupil residing outside the corporate limits of such city or school district but residing within the Territory, shall be paid by the Territory to such city or school district from funds therefor appropriated by the Legislature."

The words "whose public schools provide," in the section above quoted, indicate that the acceptance of these children is optional with the city schools and not obligatory. For these reasons the court feels that any right children outside the corporate limits of the municipality might have to attend the city schools at Ketchikan, if any right existed, must necessarily be secondary to that of any child living within the corporate limits who has a right to attend said schools.

It is therefore the opinion of the court that the defendants herein have failed to show cause why they should not admit Irene Jones to the public schools of Ketchikan, and that the writ of mandamus commanding them so to do should be made absolute.